UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   vs.<br><br>APPROXIMATELY $52,000 IN UNITED STATES CURRENCY, and<br><br>APPROXIMATELY $39,000 IN UNITED STATES CURRENCY,<br><br>         Defendants. | Case No: C 07-05459 SBA<br><br>ORDER VACATING REASSIGNMENT ORDER |

   The parties are presently before this Court pursuant to a September 23, 2009, order that removed this case from presiding U.S. Magistrate Judge Maria-Elena James' consideration and reassigned it to this Court for all further proceedings.  However, having reviewed the file in this action, the Court finds that this case was properly before the magistrate court and therefore VACATES the Order Reassigning Case (Docket No. 77).

   On May 22, 2007, DEA agents located and seized defendant $39,000.00 in United States currency ("defendant currency") from Ustano McVey's ("Claimant") luggage at the San Francisco International Airport. The United States ("Plaintiff") filed the complaint in this forfeiture action on October 25, 2007, contending that defendant currency is subject to forfeiture as money furnished or intended to be furnished in exchange for a controlled substance, traceable to such an exchange, or

1 used or intended to be used to facilitate a violation of the United States Code.[1]  (Complaint for
2 Forfeiture ("Compl.") ¶ 1; Docket No.1)
3    On September 8, 2009, Magistrate Judge James, upon a review of the record and finding
4 that the parties had not previously filed written consent to magistrate jurisdiction, ordered the
5 parties to file an official consent or declination form with the Court by September 17, 2009.
6 (Docket No. 70.) That same day, Plaintiff filed a Consent to Proceed Before a United States
7 Magistrate Judge.  (Docket No. 71.) On September 17, 2009, Plaintiff and Claimant signed a joint
8 case management statement stipulating that "[t]he parties consent to magistrate jurisdiction."
9 (Docket No. 72 at 3:17-18.) The following day, Magistrate Judge James denied Claimant's pending
10 motion for summary judgment without prejudice.  (Docket No. 74.)  On September 22, 2009,
11 Claimant apparently changed his mind with respect to magistrate jurisdiction, and filed a
12 Declination to Proceed before a United States Magistrate Judge and the action was reassigned to
13 this Court.  (Docket No. 75.)
14    Consequently, the Court construes Claimant's filing of the declination form, five days after
15 having explicitly consented to magistrate jurisdiction in the joint case management statement, and
16 four days after the magistrate's order, as an opportunistic attempt to acquire a new judge.  A district
17 court has the inherent power to dismiss a case due to judge-shopping as part of its power to
18 sanction conduct that abuses the judicial process. *Hernandez v. City of El Monte*, 138 F.3d 393,
19 399 (9th Cir. 1998) ("Judge-shopping clearly constitutes conduct which abuses the judicial
20 process.") (internal quotations omitted). Being a harsh penalty, however, dismissal should only be
21 used as a sanction in extreme circumstances. *Hernandez*, 138 F.3d at 399, citing *Ferdik v. Bonzelet*,
22 963 F.2d 1258, 1260 (9th Cir. 1992). In light of this, a court may elect to transfer the case back to
23 the original judge. *Hernandez*, 138 F.3d at 402.
24 ///
25 ///
26
27 [1] Defendant $52,000 in United States Currency was dismissed from this action pursuant to a settlement agreement between Plaintiff and the only claimant to defendant $52,000.  (Docket No.
28 87.)

1  Accordingly,

2  IT IS HEREBY ORDERED THAT the September 23, 2009, Order Reassigning Case is

3  VACATED and this action is REASSIGNED to proceed before U.S. Magistrate Judge Maria-Elena

4  James for all further proceedings.

6  Dated: 1/14/10                                              _____
7                                                          Hon. Saundra Brown Armstrong
                                                        United States District Judge