| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CSBN 44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CSBN 163973)<br>Chief, Criminal Division |
| 4 | DAVID B. COUNTRYMAN (CSBN 226995)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, CA 94102<br>Telephone: (415) 436-7303 |
| 7 | Facsimile: (415) 436-7234<br>email:   david.countryman@usdoj.gov |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. C 07-5459 MEJ |
| Plaintiff, | ) | |
| v. | ) | SETTLEMENT AGREEMENT<br>BETWEEN THE UNITED STATES<br>AND USTANO MCVEY |
| 1. APPROXIMATELY $52,000 IN UNITED STATES CURRENCY, AND | ) | |
| 2. APPROXIMATELY $39,000 IN UNITED STATES CURRENCY, | ) | |
| Defendants. | ) | |

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendant is approximately $39,000 in United States Currency ("defendant currency"). After proper notification and publication was given, the only person who filed a timely Claim for defendant $39,000 is claimant Ustano McVey ("claimant"). As a result, only claimant has a right to claim the defendant $39,000. The United States and claimant are hereafter referred to as the "parties" in

Settlement Agreement
C 07-5459 MEJ                                                                                                   1

1 | this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

3. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

4. This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

5. Claimant agrees to release and discharge and hold harmless the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the facts alleged in plaintiff's Complaint for Forfeiture.

6. Without admitting any wrongdoing, claimant does not contest that the United States has sufficient evidence to support the forfeiture of defendant property. In order to resolve this case without the expense of further litigation, however, the parties have agreed that $31,200 of the defendant currency (and all interest accrued thereon) shall be forfeited to the United States and $7,800 of the defendant currency (and all interest accrued thereon, subject to any delinquent debts owed to any federal or state agencies) shall be returned to claimant.

7. The United States and claimant agree that each party shall pay its own attorneys' fees and costs.

8. Based on the foregoing Settlement Agreement between the United States, claimant, the Parties agree that, subject to the Court's approval, this action be and hereby is

Settlement Agreement
C 07-5459 MEJ

1 | DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with
2 | this Settlement Agreement be entered.
3 |
4 | IT IS SO STIPULATED:          JOSEPH P. RUSSONIELLO
  |                               United States Attorney
5 |
6 |
7 | Dated: 4/7/2010
  |                               _____
8 |                               DAVID COUNTRYMAN
  |                               Assistant United States Attorney
9 |
10 |
11 | Dated: 4-6-2010
  |                               _____
  |                               DAVID MICHAEL, ESQ.
12 |                              Attorney for Claimant Ustano McVey
13 |
14 | Dated: 4-6-10
  |                               _____
15 |                              USTANO McVEY
  |                              Claimant
16 |
17 |     BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 8th
18 | DAY OF __April_____, 2010
19 |
20 |
21 |                               _____
  |                              HONORABLE MARIA-ELENA JAMES
22 |                              United States Magistrate Judge
23 |
24 |
25 |
26 |
27 |
28 |

Settlement Agreement
C 07-5459 MEJ

3